IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONALD LEE CARLTON,              :

    Petitioner,              :
                                        CIVIL ACTION 11-0101-CG-M
v.                                :
                                    CRIMINAL ACTION 06-00267-CG-M
UNITED STATES OF AMERICA,         :

    Respondent.              :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 38) and Respondent's Motion to Dismiss (Doc. 41).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Petitioner's Motion to Vacate (Doc. 38) be denied, that Respondent's Motion to Dismiss (Doc. 41) be granted, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Donald Lee Carlton.

Petitioner was indicted on December 27, 2006 for possessing

1

a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Doc. 1).  On May 15, 2007, Carlton pled guilty to the charge against him (Doc. 21).  On August 16, 2007, United States District Judge Granade sentenced Petitioner to sixty-three months on the conviction as well as three years of supervised release following his release from prison, and an assessment of one hundred dollars; judgment was entered on August 24, 2007 (Doc. 27).  Carlton appealed his conviction (Doc. 28) which was affirmed, and issued as mandate, by the Eleventh Circuit Court of Appeals on June 30, 2008 (Doc. 36).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on February 23, 2011 in which he seeks to have his sentence reduced because of changed circumstances (Doc. 38).  Specifically, Carlton has asserted that he was attacked while in prison, resulting in physical deformity and mental disability, and that he now resides in 24-hour lockdown to protect him from further attacks and harm.

Respondent filed a Motion to Dismiss on May 12, 2011 (Doc. 41), asserting that the Court is without jurisdiction to entertain this petition.  More specifically, the Government cites an Eleventh Circuit holding which states as follows:

> The authority of a district court to
> modify an imprisonment sentence [once it has

> been imposed] is narrowly limited by statute. Specifically, [18 U.S.C.] § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).

*United States v. Mathis*, 408 Fed.Appx. 311, 311-12 (11th Cir. 2011) (*quoting United States v. Phillips*, 597 F.3d 1190, 1194-95 n.9 (11th Cir. 2010)). The *Mathis* Court further held that the district court, although it had denied the claimant's motion, did not have jurisdiction to entertain the motion. *Mathis*, 408 Fed.Appx. at 312. Respondent goes on to note that, in this action, "[t]here is no motion filed by the Bureau of Prisons under § 3582(c)(1)(A), no motion filed by the United States under Fed.R.Crim.P. 35(b), no motion that alleges the plain illegality of the sentence, and no retroactively applicable guideline amendment providing relief under § 3582(c)(2)" (Doc. 41, p. 2).

3

Carlton has replied to Respondent's Motion to Dismiss (Doc. 43), requesting that this action be forwarded to the Eleventh Circuit Court of Appeals.

The Court finds that Respondent's Motion to Dismiss properly informs the Court that Carlton's petition is due to be dismissed as none of the circumstances which would allow for this Court to modify his sentence are present in this action. Petitioner's request that this action be forwarded to the Eleventh Circuit Court of Appeals, likewise, falls outside of this Court's jurisdiction.

In summary, Petitioner has brought this petition, seeking to have his sentence reduced (Doc. 38). However, this Court does not have jurisdiction to adjust Carlton's sentence. Therefore, it is recommended that Petitioner's Motion to Vacate (Doc. 38) be denied, that Respondent's Motion to Dismiss (Doc. 41) be granted, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Donald Lee Carlton.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final

4

order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a Motion to Vacate is being dismissed on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Carlton does not have jurisdiction to bring this petition, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Carlton

should be allowed to proceed further.  *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

**CONCLUSION**

It is recommended that Respondent's Motion to Dismiss (Doc. 38) be granted and that Petitioner's Motion to Vacate, filed pursuant to 28 U.S.C. § 2255 (Doc. 41), be dismissed.  It is further recommended that Petitioner be denied an application for a certificate of appealability.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

6

A party may object to a recommendation entered by a
magistrate judge in a dispositive matter, that is, a
matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
a "Statement of Objection to Magistrate Judge's
Recommendation" within ten days after being served
with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed <u>de novo</u> and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

   DONE this 18th day of August, 2011.


                       s/BERT W. MILLING, JR.
                       UNITED STATES MAGISTRATE JUDGE